## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TRACY STANDIFER,

     Plaintiff,

     v.

                          Case No. 22-CV-2069-JAR-GEB

J.B. HUNT TRANSPORT, INC.,

     Defendant.

### MEMORANDUM AND ORDER

Plaintiff Tracy Standifer filed this action alleging violations under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA").  Before the Court is Defendant J.B. Hunt Transport, Inc.'s Motion to Dismiss or, Alternatively, Motion to Transfer Venue (Doc. 6) pursuant to Fed. R. Civ. P. 12(b)(3).  For the reasons below, the Court grants the motion to dismiss regarding Plaintiff's claim of national origin discrimination and denies the motion to dismiss for improper venue.  In its discretion, the Court transfers this case to the United States District Court for the Western District of Arkansas.

## I.     Background

Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") is a Georgia corporation with its principal place of business in Lowell, Arkansas.[1]  All employment records relevant to this case are maintained and administered in Arkansas.[2]  Plaintiff, who is a sixty-nine-year-old African American male, resides in Kansas.  Plaintiff was recruited as truck driver for J.B. Hunt by Erika

---

[1] Doc. 7-2 ¶ 3.

[2] Id. ¶ 10

Gutierrez, a J.B. Hunt recruiter.  Plaintiff informed Gutierrez of his medical history, including his high blood pressure, diabetes, retina surgery two years prior, and stroke eleven years prior. Plaintiff also informed her that he walked with a cane.  J.B. Hunt hired Plaintiff as a handicapped driver and invited Plaintiff to attend training in Arkansas.  Plaintiff promptly provided J.B. Hunt with current Department of Transportation ("DOT") medical certificates and drug and alcohol tests.

When Plaintiff arrived at the training facility, Shari Tumlin, J.B. Hunt's Director of Training, told Plaintiff, "I have doubts about you being able to perform your duties."[3]  Plaintiff advised her that he had been hired as a handicapped driver, had a valid DOT medical certificate, and could perform all essential job functions.  Instead of undergoing training, however, Plaintiff was sent to Arkansas Occupational Health Clinic for a physical.  The doctor informed Plaintiff that he met DOT guidelines, but he wanted to obtain more information regarding Plaintiff's diabetes and high blood pressure.  Plaintiff provided authorization and the doctor's office obtained his medical information.  Craig Henike, a J.B. Hunt instructor, transported Plaintiff back to the facility and told Plaintiff that Tumlin "didn't think that [n-word] should make that much money."[4]

The next day, Henike informed Plaintiff that he was being sent home.  Before he left, Plaintiff received an email from Gutierrez certifying that he had completed the training requirements for an entry-level driver.  Plaintiff was paid for the time he spent at the facility but has not been re-contacted by J.B. Hunt to begin employment.  Plaintiff brings four claims against J.B. Hunt: (1) race and national origin discrimination and harassment under Title VII and § 1981;

---

[3] *Id.* ¶ 16.

[4] *Id.* ¶ 19.

(2) disability discrimination and harassment under the ADA; and (3) age discrimination and harassment under the ADEA.

## II.    Discussion

### A.    Count I—National Origin Discrimination

In addition to improper venue, J.B Hunt contends that Plaintiff's claim of discrimination on the basis of national origin under Title VII is subject to dismissal under Rule 12(b)(6) for failure to exhaust administrative remedies.[5]  It also asserts that § 1981 does not cover national origin discrimination.[6]  In his response, Plaintiff consents to dismissal of his claim regarding discrimination on the basis of national origin.[7]  As such, the Court grants J.B. Hunt's motion to dismiss Plaintiff's claim of national origin discrimination in Count I.

### B.    Venue

J.B. Hunt moves to dismiss Plaintiff's remaining claims for improper venue under Fed. R. Civ. P. 12(b)(3).  It argues that venue is improper for Plaintiff's Title VII and ADA claims, and Title VII's exclusive venue provision should also govern Plaintiff's ADEA and § 1981 claims.  Plaintiff argues that this Court is a proper venue for all of its claims, and the general venue statute should govern his ADEA and § 1981 claims.

Whether to dismiss a case for improper venue "lies within the sound discretion of the district court."[8]  When a defendant challenges venue, the plaintiff bears the burden of proving that venue properly lies in the district.[9]  At the motion to dismiss stage, a plaintiff need only

---

[5] Doc. 7 at 1 n.1.

[6] *Id.*

[7] Doc. 15 at 2.

[8] *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).

[9] *Johnson v. N. States Power Co.*, No. 99-2394-GTV, 2000 WL 1683658, at *2 (D. Kan. Nov. 2, 2000).

make a prima facie showing of venue.[10]  "In assessing whether a plaintiff has met [his] burden, the facts alleged in a plaintiff's complaint are taken as true, but only to the extent they are uncontroverted by the defendant's evidence."[11]  If a plaintiff pleads multiple claims, venue must be proper for each claim.[12]  The court's consideration of evidence and affidavits outside the pleadings does not convert a Rule 12(b)(3) motion to a motion for summary judgment.[13]  If the parties do present conflicting evidence, the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff.[14]

Typically, venue is analyzed under the general venue statute.[15]  But Title VII and the ADA share an exclusive venue provision.[16]  It provides that venue is proper in any judicial district where: (a) the unlawful employment practice allegedly occurred; (b) relevant employment records are maintained and administered; and (c) the plaintiff would have worked but for the allegedly unlawful employment practice.[17]  If the defendant is not found within any of

---

[10] Fed. R. Civ. P. 12(b)(3); *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320 (D. Colo. 2019).

[11] *See Pierce*, 137 F.3d at 1192.

[12] *B-S Steel of Kan., Inc. v. Tex. Indus.*, 229 F. Supp. 2d 1209, 1223 (D. Kan. 2002) (citing *Monarch Normandy Square Partners v. Normandy Square Assocs.*, 817 F. Supp. 899, 903 (D. Kan. 1993)).

[13] *Topliff v. Atlas Air, Inc.*, 60 F. Supp. 2d 1175, 1176 (D. Kan. 1999).

[14] *M.K.C. Equip. Co. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 683 (D. Kan. 1994).

[15] 28 U.S.C. § 1391.

[16] *Pierce*, 137 F.3d at 1191 ("It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions."); *Anderson v. Ford Motor Co.*, No. 21-2097-DDC-TJJ, 2021 WL 4453569, at *2 (D. Kan. Sept. 29, 2021) (citing *Borchik v. CoreLogic*, No. 16-CV-00708-RM-MJW, 2017 WL 4407926, at *3 (D. Colo. Apr. 24, 2017), *report and recommendation adopted sub nom. Borchik v. Corelogic Tax Servs., L.L.C.*, No. 16-CV-00708-RM-MJW, 2017 WL 4407927 (D. Colo. Aug. 3, 2017) (applying Title VII's exclusive venue provision to an ADA actions)).

[17] 42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); 42 U.S.C. § 12117(a) (the ADA's venue provision).

these judicial districts, venue may be proper in the district where the defendant has its principal office.[18]

Here, the Complaint alleges that all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Arkansas. Plaintiff alleges the discrimination began when he arrived in Arkansas for orientation and training, culminating in J.B. Hunt's refusal to retain him as a truck driver. Plaintiff's employment records are kept in Arkansas. And, while it is unclear where Plaintiff would have performed his trucking work for J.B. Hunt, he does not allege that he would have worked for J.B. Hunt in Kansas. Therefore, Plaintiff satisfies none of the bases for venue under § 2000e–5(f)(3). This district is an improper venue for Plaintiff's Title VII and ADA claims.

A different result follows with respect to Plaintiff's ADEA and § 1981 claims. The general venue statute, 28 U.S.C. § 1391 applies to Plaintiff's claims under the ADEA and § 1981.[19] It provides:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[20]

---

[18] 42 U.S.C. § 2000e-5-(f)(3); 42 U.S.C. § 12117(a).

[19] *Brown v. Weston Transp.*, No. 14-2456-JAR, 2015 WL 363963, at *2 (D. Kan. Jan. 27, 2015) (citing *Kearns v. Henderson*, No. 99-2211-GTV, 1999 WL 615891, at *1 (D. Kan. July 16, 1999)) ("The general venue statue, however, is applicable to Plaintiff's claims under the ADEA."); *Thomas v. Lockheed Martin Corp.*, No. CIV.A. 05-1377-MLB, 2006 WL 1174026, at *2 (D. Kan. Apr. 28, 2006) ("Plaintiff's section 1981 claim is governed by the general venue statute.").

[20] 28 U.S.C. § 1391(b); *see also Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006).

The statute defines corporate residency as follows:

> For all venue purposes—
> . . .
>  (2) an entity with the capacity to sue and be sued in its common
> name under applicable law, whether or not incorporated, shall be
> deemed to reside, if a defendant, in any judicial district in which
> such defendant is subject to the court's personal jurisdiction with
> respect to the civil action in question. . . ."[21]

By admitting that personal jurisdiction is proper in the District of Kansas, J.B. Hunt thereby

acknowledges that it is a "resident" of Kansas as that word is defined in § 1391.[22]  Accordingly,

Plaintiff's ADEA and § 1981 claims may be properly brought in either this district or the

Western District of Arkansas

Because all of Plaintiff's claims may be brought in the Western District of Arkansas, but

not in the District of Kansas, J.B. Hunt seeks to have Plaintiff's Title VII and ADA claims

dismissed without prejudice, or, alternatively, to have the entire action transferred to the Western

District of Arkansas.  Plaintiff argues that the Court should apply the doctrine of pendent venue

and append the venue bases for the ADEA and § 1981 claims to the Title VII and ADA claims.

Generally, venue must be established for each separate cause of action.[23]  The pendent

venue doctrine is a narrow exception to this rule, and it applies when a claimant pleads two or

more federal claims, but venue is only proper for one claim.[24]  Under the pendent venue doctrine,

"proper venue as to one federal ground will support adjudication of both grounds."[25]  "The

---

[21] 28 U.S.C. § 1391(c)(2).

[22] Doc. 7 at 7.

[23] *B-S Steel of Kan., Inc. v. Tex. Indus.*, 229 F. Supp. 2d 1209, 1223 (D. Kan. 2002) (citing *Monarch Normandy Square Partners v. Normandy Square Assocs.*, 817 F. Supp. 899, 903 (D. Kan. 1993))).

[24] *Wichita Fed. Sav. & Loan Ass'n v. Landmark Grp., Inc.*, 674 F. Supp. 321, 330 (D. Kan. 1987); *Jackson v. MCI Telecomms. Corp.*, No. 92–2503, 1993 WL 408332, at *2 (D. Kan. Sept. 29, 1993).

[25] *Wichita Fed. Sav. & Loan Assn*, 674 F. Supp. at 329 (quoting *Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir. 1984)).

decision whether to exercise pendent venue is a matter of judicial discretion based upon the relatedness of the claims, judicial economy, convenience, and fairness."[26]

Although the Tenth Circuit has not addressed the pendent venue doctrine, district courts within the Circuit routinely append the venue provision of the Title VII claim with a specific venue provision to the claims within the general venue statute.[27]  Similarly, the District Court for the District of Columbia determines whether the Title VII claim is the "primary claim" and appends its specific basis for venue to general venue claims in the complaint to preserve congressional intent.[28]  Under this approach, that court has held that pendent venue did not apply to a Title VII claim when venue was proper only for an ADEA claim[29] or a § 1981 claim.[30]

Here, neither approach supports the exercise of pendant venue over Plaintiff's Title VII and ADA claims.  Under the first approach, Title VII and the ADA have a specific venue provision, unlike the ADEA and § 1981.  Thus, Title VII and the ADA's venue provision would apply to the ADEA and § 1981, not vice versa.  Under the second approach, the ADA and Title VII are the primary claims, to the extent a primary claim exists.  Plaintiff alleges discrimination primarily based on J.B. Hunt's refusal to train him due to his medical history and on the racial comments made by J.B. Hunt staff.  Furthermore, as Title VII and the ADA have specific venue

---

[26] *Jackson*, 1993 WL 408332, at *2.

[27] *See, e.g., Trujillo v. Total Bus. Sys., Inc.*, 704 F. Supp. 1031, 1032 (D. Colo.1989) (holding that venue for a case with Title VII & § 1981 claims must be brought where venue lies under Title VII); *see e.g., also Reid v. D.P. Curtis Trucking, Inc.*, 2012 WL 5409786, at *1 (D.N.M. Oct. 31, 2012) (holding that Title VII specific venue statute "trumps" general venue statute found at § 1404(a)).

[28] *See, e.g., Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 664–65 (D.D.C. 1982) ("[U]nless Title VII is considered the primary cause of action for this type of employment discrimination case, the venue provision intended by Congress could be effectively written out of the statute by using a companion cause of action.").

[29] *See, e.g., Gardner v. Mabus*, 49 F. Supp. 3d 44, 48 (D.D.C. 2014); *Kravitz v. Inst. for Int'l Rsch., Inc.*, No. CIV. A. 92-5045, 1993 WL 453457, at *3 (E.D. Pa. Nov. 5, 1993); *Archuleta v. Sullivan*, 725 F. Supp. 602, 606 (D.D.C. 1989).

[30] *See, e.g., Hayes*, 546 F. Supp. at 665–66; *Tuck v. Pro Football, Inc.*, No. CIV. A. 89-2681, 1990 WL 102792, at *3–4 (D.D.C. July 10, 1990).

provision, the Court considers them the primary causes of action to preserve congressional intent regarding permissible venues.  For these reasons, the Court declines to extend pendant venue over Plaintiff's Title VII and ADA claims.[31]

Venue would be proper in the Western District of Arkansas for all of Plaintiff's claims. When venue is improper, "[t]he district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[32] The decision to dismiss Plaintiff's claims or transfer them to the proper district is discretionary.[33]  "A court usually should transfer an action, rather than dismiss it for improper venue."[34]  The District of Kansas "has expressed a preference" for transfer rather than dismissal.[35]  Plaintiff states facts sufficient to support venue in the Western District of Arkansas.  As such, in the interest of justice, the Court transfers this case to that district rather than order dismissal.

**IT IS THEREFORE ORDERED BY THE COURT** that that Defendant's Motion to Dismiss or in the Alternative, to Transfer Venue (Doc. 6) is **granted** in part and **denied** in part.

---

[31] *See Lengacher v. Reno*, 75 F. Supp. 2d 515, 518–19 (E.D. Va. 1999) (analyzing both approaches and declining to exercise pendent venue over Rehabilitation Act claim when venue only proper for ADEA claim); 14D Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 3825 (4th ed.) (citing *Kenney v. NKC of America*, 225 Fed. App'x. 727, 728 (10th Cir. 2006) ("The clear majority view is that the venue provisions of Title VII are exclusive, so the general venue provisions of Section 1391(b) do not apply.")

[32] 28 U.S.C. § 1406(a).

[33] *Pierce* v. *Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) (stating "the decision whether to dismiss or transfer lies within the sound discretion of the district court").

[34] *Lewis v. Prime Flight Aviation Servs.*, No. 10–2644–JTM, 2011 WL 744769, at *2 (D. Kan. Feb. 24, 2011) (quoting *Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997)); *see Webster v. Mattis*, 279 F. Supp. 3d 14, 19 (D.D.C. 2017) ("Courts have consistently transferred cases that raise both Title VII and ADEA claims to courts where venue is proper for both claims.") (collecting cases); *see also Walden v. Locke*, 629 F. Supp. 2d 11 (D.D.C. 2009) (transferring Title VII and § 1981 claims to where venue was proper for both claims).

[35] *Anderson v. Ford Motor Co.*, No. 21-2097-DDC, 2021 WL 4453569, at *3 (D. Kan. Sept. 29, 2021) (citing *Weber*, 978 F. Supp. at 1420).

The motion to dismiss is granted with respect to Plaintiff's claim of national origin discrimination in Count I.  The motion is denied regarding improper venue.

**IT IS FURTHER ORDERED** that this case be transferred to the United States District Court for the Western District of Arkansas.  The clerk shall take all necessary steps to effectuate this transfer.

**IT IS SO ORDERED.**

Dated: October 4, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
